IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Binglin Zhong Plaintiff v. THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A Defendants | C.A.: TO BE DETERMINED |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Binglin Zhong ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A, filed under Seal (collectively, "Defendants") and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating under the Online

1

Marketplace Accounts identified the Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial interactive Defendant Internet Stores, wherein Illinois residents can purchase Defendants' products featuring the Plaintiff's patented design. Each of the Defendants has targeted the sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and on information and belief, sold products featuring the Plaintiff's patented design to the residents of Illinois. Each of the Defendants commit tortious acts in Illinois, engaging in interstate commerce, and have wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

## INTRODUCTION

3. The Plaintiff filed this action to combat the online sellers who sell the same knock-off product that infringes upon Plaintiff's U.S. Patent US D1,008,977 S (**977) entitled "CHARGE PROTECTOR" (attached as Exhibit A), filed June 17, 2022, issuing December 26, 2023.[1] The Defendants individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing the same infringing product. The Defendant Internet Stores sell the same infringing product, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same series of occurrences. Defendants attempt to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably

---

[1] Whereas Exhibit C (under Seal) shows products from the various Defendants in different colors, the product are the same and color should not be viewed as making one product different from another.

damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendants' actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

## THE BACKGROUND

4. Plaintiff, Binglin Zhong is an individual residentsed in Guangdong, CHINA. Plaintiff is the owner of U.S. Patent US D1,008,977 S (**977) entitled "CHARGE PROTECTOR" (attached as Exhibit A), filed June 17, 2022, issuing December 26, 2023.

5. Plaintiff is the owner and operator of the factory and company engaged in manufacturing various industrial and consumer products, including the product embodying the **977 claimed design at issue, Mr. Zhong personally oversaw each stage of development to ensure quality and adherence to his innovative design.

6. In October 2021, Plaintiff Binglin Zhong, together with his engineering team, initiated the design work on the product that would eventually embody the patented design claimed in**977. The development process was meticulous and involved continuous refinement, with Plaintiff and his team dedicated to enhancing the design to meet both functional and aesthetic standards. From the latter part of 2021 through 2022, Plaintiff made numerous adjustments and improvements to the design, aiming for a high-quality final product.

7. By June 17, 2022, Plaintiff completed the final draft of the design, reflecting months of innovative effort and careful polish. On that same date, Plaintiff filed a design patent application with the United States Patent and Trademark Office, which subsequently resulted in the issuance of **977. This patent protects Plaintiff's unique and proprietary design, developed over many months and with significant investment of time and resources.

8. Plaintiff Binglin Zhong also authorizes others to sell the product designed in

3

accordance with the claimed design in **977. To ensure quality distribution, Plaintiff has authorized selected stores to sell products embodying the **977 claimed design. These stores uphold the quality and brand integrity of the patented design, distinguishing them from unauthorized sellers who each sell the knock-off product and infringe upon Plaintiff's intellectual property rights. Plaintiff has established its product as the first to market and has an established reputation for quality. Images of the claimed design is shown in the image below (Images A and B):



IMAGE A          IMAGE B

9. The Plaintiff is the lawful owner of all rights, title, and interest in the U.S. Patent US D1,008,977 S (**977) entitled "CHARGE PROTECTOR" (attached as Exhibit A), filed June 17, 2022, issuing December 26, 2023.

10. The Plaintiff has not granted a license or any other form of permission to Defendants with respect to the patent design.

11. The Defendants are individuals and business entities who, upon information and belief,

reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois. Defendants and their respective infringing products are shown in Exhibit C(Sealed).

12. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same knock-off product that infringe the **977 Patent in a series of occurrences. Tactics used by Defendants to conceal their identities, and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

13. Plaintiff has not licensed or authorized Defendants in Schedule A (Sealed) to use the invention claimed in the **977 Patent, and none of the Defendants are authorized retailers of Plaintiff.

14. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous

5

similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the <u>same</u> product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the <u>same</u> incorrect grammar and misspellings, similar hosting services, and the use of the <u>same</u> text and images, including content copied from Plaintiff's original product listings.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite the Plaintiff's enforcement efforts, such as take down notices.

18. According to the Amazon store owner's information, as showed on Amazon websites, parts of the Defendants can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of these defendant companies only have 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

19. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the U.S. Patent US D1,008,977 S (**977), and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers

shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

20. Defendants' infringement of the U.S. Patent US D1,008,977 S (**977), in the offering to sell, selling, or importing of the Infringing Products was willful.

21. Defendants' infringement of the U.S. Patent US D1,008,977 S (**977), in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF UNITED STATES
## DESIGN PATENT NO. D1,008,977 (35 U.S.C. § 171)

22. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in the U.S. Patent US D1,008,977 S (**977).

24. Defendants have infringed the D1,008,977 S (**977) Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

25. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the D1,008,977 S (**977) Patent, Plaintiff will be greatly and irreparably harmed.

26. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design; and

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, etsy.com , Amazon, Wish.com, Walmart.com, Temu.com and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the

future, to engage in the sale of goods that infringe the Patented Design; and

      b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

      c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from the Defendants' unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: December 6, 2024             Respectfully Submitted:

_____
Robert M. DEWITTY
DeWitty and Associates|R.M. DeWitty, Patent Attorney
Attorney for Plaintiff
1500 K Street,
2nd Floor, RM: 249B
Washington, D.C. 20005
E: admin@dewittyip.com