IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BINGLIN ZHONG,<br><br>      *Plaintiff*,<br><br>v.<br><br>THE PARTERNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>      *Defendants.* | **Civil Action No.:** 24-cv-12594<br><br>**Honorable Judge Matthew L. Kennelly**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

## DEFENDANTS' SUPPLEMENTAL MOTION TO VACATE TEMPORARY RESTRAINING ORDER

Defendants ShenzhenshishenhuashukejiCo. Ltd, Kohree LLC, Shenzhenshigaodunsujiaozhipinyouxiangongsi, Shanghai Jingsun Technology Co. LTD , hu bei you yun xie ye pi ju you xian gong si , Shenzhenshixinfengdianzishangwuyouxiangongsi and Shenzhen Yisi Youle Technology Co., Ltd ("Defendants") hereby submit this Motion to Vacate the Temporary Restraining Order issued against them at Plaintiff Binglin Zhong's ("Plaintiff") request.

### Introduction

Plaintiff's abuse of process in this case is a textbook example of how Schedule A litigation is increasingly misused—not to combat counterfeiting, but as a blunt instrument to eliminate legitimate competitors. The unrefuted record establishes that Defendants lawfully operate in the marketplace, selling products under a valid and issued U.S. Design Patent. Defendant Khoree LLC duly marked their patent on their product listing page. Plaintiff was fully aware of this fact as it had a duty to review the

1

listing as a part of its pre-suit investigation. Yet, despite this knowledge, Plaintiff still sought a sweeping *ex-parte* TRO, freezing Defendants' assets and disrupting their businesses without notice. Plaintiff's baseless infringement allegations serve only one purpose – to weaponize litigation and force small businesses into settlement under the threat of financial restraint.

Plaintiff's motion is fundamentally flawed at each level. At the outset, it fails to establish a *prima facie* showing of personal jurisdiction, as it relies on speculation. It casts significant doubts on how Plaintiff could have sufficient evidentiary support under FRCP R11 in alleging patent infringement, moving for such extraordinary relief when Plaintiff did not even purchase Defendants' product to make comparison and analysis. Plaintiff fails to demonstrate a likelihood of success on the merits, as Defendants hold their valid patent, creating a substantial question regarding infringement. It fails to prove irreparable harm, relying solely on outdated case law that does not survive *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

For these reasons, and as detailed below, the TRO must be vacated in its entirety.

## **FACTUAL BACKGROUND**

*Plaintiff's Product and Source of Goods*

Despite alleging that "Plaintiff is the owner and operator of the factory and company engaged in manufacturing various industrial and consumer products, including the product embodying the \*\*977 claimed design at issue", this allegation was not supported by a single piece of evidence such as a declaration from Plaintiff or a screenshot showing its product being sold online. The only support provided was a scarce declaration from Plaintiff's Counsel. *See* Dkt. For some reason, Plaintiff intentionally avoided disclosing any information regarding its factory, company, retailer or product. Defendants are not able to even verify whether Plaintiff practices its patent.

*Defendant's Product and Source of Goods*

Defendants' Product, RV Surge Protector, is developed, designed and manufactured by Foshan

Defang Cable Co., Ltd. ("Defang"), a factory located at Factory Building 1 on the 3rd Floor, No. 14, Guanghong Road, Tanbian, Shishan Town, Nanhai District, Foshan City, China. *See generally* Decl. of Xinquan Huang. Defendants' Product is covered by US Design Patent 1,018,467 S ("D467 Patent") and Chinese Design Patent 307660584S. *Id.*; Ex. 2; Ex.3. Defang is the applicant of the D467 Patent, which remains valid and was issued by the USPTO on March 19, 2024. The D467 Patent was assigned to Di Huang on July 15, 2024.

All seven Defendants are authorized retailers of Defang and Di Huang. *See* Decl. of Xinquan Huang ¶ 13; Decl. of Di Huang ¶ 7.

Defendant Kohree LLC has virtually marked the 467 Patent on its product listing starting from November 2024, before Plaintiff initiated this case. *See* Decl. of Du; Exhibit 5.

Plaintiff's Exhibit B, attached to its Complaint, shows that all Defendants maintained a high product rating, reflecting high product quality and customer satisfaction. *See* Dkt. For Defendant Gociean's Product, it was listed as Amazon's Choice.

## LEGAL STANDARD

A TRO is an extraordinary remedy issued only in exceptional circumstances. *SCSI LLC v. Turner*, No. 14-cv-1380, 2014 WL 12576627, at *1 (C.D. Ill. Oct. 2, 2014) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). And, a TRO is "an exercise of very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). To obtain a TRO, a plaintiff must demonstrate: (1) that the plaintiff is likely to succeed on the merits; (2) the plaintiff will suffer irreparable harm if injunctive relief is not granted; and (3) a lack of adequate remedy at law. *See Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007) (applying standard to deny motion for preliminary injunction); *Kimbrell v. Fed. Hous. Fin. Agency*, No. 16-cv-1882, 2016 WL 3746419, at *2 (C.D. Ill. July 8, 2016). Moreover, the plaintiff seeking such drastic relief bears the burden of persuasion by a "clear showing." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The

Seventh Circuit applies a sliding scale approach that weighs the likelihood of success the most, such that the less likely the plaintiff will succeed, the more the balance needs to weigh toward the plaintiff's side. *Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021). Only after the plaintiff shows that these three factors are met can the court balance the relative harm caused by each party and the public interest. *Aircraft Owners & Pilots Ass'n v. Hinson*, 102 F.3d 1421, 1424-25 (7th Cir. 1996). And "[w]here appropriate, this balancing process should also encompass any effects that granting or denying the preliminary injunction would have on nonparties (something courts have termed the 'public interest')." *See Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018).

"The standards for a TRO and a preliminary injunction are functionally identical." *Hernandez v. Pontiac Corr. Facility Internal Affs. Officers*, No. 16-1372, 2016 WL 5842205, at *1 (C.D. Ill. Oct. 4, 2016). Plaintiffs seeking preliminary injunctive relief to change the status quo before the merits are heard—especially if the requested relief represents the ultimate remedy sought in the lawsuit—face particular challenges. *See LTD Commodities, Inc. v. Perederij*, 699 F.2d 404, 406 (7th Cir. 1983) ("[I]t is ordinarily true that preliminary relief is not granted which is identical with that which a party would obtain upon winning the case on the merits."); *see also Tripp v. Smart*, No. 14-cv-0890- MJR-PMF, 2014 WL 4457200, at *3 (S.D. Ill. Sept. 10, 2014).

## ARGUMENT

### A. Plaintiff's Failure to Establish Personal Jurisdiction Mandates Immediate Vacatur of the TRO

Because Plaintiff failed to show a *prima facie* case of personal jurisdiction when requesting the *ex parte* TRO, the TRO should not have been granted at least against the moving Defendants. Therefore, the TRO must be vacated.

A temporary restraining order cannot stand where the Court lacks personal jurisdiction over Defendants. *E.g., Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir.2014) (citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 598 (7th Cir.2007)).

4

The burden rests on Plaintiff to make a *prima facie* showing that Defendants have sufficient contact with Illinois to justify the exercise of jurisdiction. Plaintiff has wholly failed to meet this burden--its assertion of personal jurisdiction relies on conclusory statements and speculation rather than actual and concrete evidence. It alleges, "on information and belief," that defendants have sold products to Illinois residents but fails to provide proof of a single transaction involving an Illinois consumer. *See* Pl.'s Compl. at 2. Because personal jurisdiction is a threshold issue, its absence renders the TRO void *ab initio* and requires immediate vacatur.

1. **Plaintiff Fails to Make a *Prime Facie* Showing that Defendants Purposefully Availed Themselves of the Illinois Forum.**

The Seventh Circuit has repeatedly held that merely operating an interactive website that is accessible in Illinois is insufficient to establish purposeful availment. In *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, the court explicitly rejected the notion that an interactive website alone confers jurisdiction, warning that such a rule would improperly expose businesses to jurisdiction "in every spot on the planet" where the website is accessible. 751 F.3d 796, 803 (7th Cir. 2014). Likewise, in *Tile Unlimited, Inc. v. Blanke Corp.*, the Northern District of Illinois emphasized that mere knowledge of a product's potential availability in Illinois is not enough—a plaintiff must show that the defendant expressly directed activities at the forum state. 47 F. Supp. 3d 750, 757 (N.D. Ill. 2014) (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011)).

Here, Plaintiff provides no evidence that Defendants targeted Illinois customers, shipped goods to Illinois, or engaged in any Illinois-directed marketing or sales. Instead, Plaintiff relies solely on the existence of an online storefront and speculation of sales. *See* Exhibit C to Plaintiff's Complaint. ("Delivery Note-The products will be delivered to Chicago, Illionois 60607 if customers place the order and pay"). Plaintiff never even attempted to place an order. This is an approach that courts in this district have consistently rejected. See *Shenzhen Jisu Tech. Co., Ltd. v. Schedule A Defendants*,

5

No. 24 C 5215, at 13:20–14:3 (N.D. Ill. Nov. 21, 2024) (Hon. John F. Kness) (granting Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction where plaintiff failed to conduct a test purchase). In that case, Judge Kness explicitly found that test purchases and actual shipments, rather than speculative allegations, are necessary to establish personal jurisdiction. *Id*. at 8:20–9:3. Plaintiff's failure to conduct a test purchase in this case is fatal to its jurisdictional claim.

### 2. The TRO Cannot Stand Absent Personal Jurisdiction

Because Plaintiff failed to establish a *prima facie* case for personal jurisdiction, the TRO must be vacated. A temporary restraining order granted without jurisdiction is void from the outset and cannot remain in effect. *Advanced Tactical*, 751 F.3d at 800 (citing *e360 Insight*, 500 F.3d at 598).

Plaintiff's failure to demonstrate even the most basic jurisdictional facts underscores the impropriety of the *ex-parte* relief obtained here. This Court should consider making a finding that the TRO should not have been entered against the moving Defendants.

### B. **Plaintiff Cannot Establish a Reasonable Likelihood of Success on the Merits Because Defendants Practice Their Own Patent, Demonstrating Non-Infringement.**

To justify the extraordinary remedy for a temporary restraining order, the Plaintiff must show a reasonable likelihood of succeeding on the merits rather than just a chance that is minimally above negligible success. *See Mays v. Dart*, 974 F.3d 910, 822 (7th Cir. 2020). "A preliminary injunction should not issue if the accused infringer 'raises a substantial question concerning either infringement or validity." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017) (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)).

However, Plaintiff cannot meet this burden because Defendants have been granted their own patent for the accused product. A valid and enforceable patent is strong evidence that Defendants' product is independently developed and not infringing.

1. **Plaintiff Fails to State a Design Patent Infringement Claim against Defendants Because the Accused Product Is Based on Its Registered Design Patent (U.S. Pat. No. D1,018,467, the "D467 Patent"), Which Constitutes a Prima Facie Case of Being Distinctive from the D977 Patent.**

In assessing a motion for a preliminary injunction to prevent patent infringement, the Court applies Seventh Circuit law to "purely procedural questions," and Federal Circuit law applies to "substantive matters unique to patent law." *Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988); *see ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule A*, 51 F.4th 1365, 1375 (Fed. Cir. 2022). "Whether a patentee has shown a likelihood of success on the merits" is an area where Federal Circuit law applies, "as it is a question specific to patent law." *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1400 (Fed. Cir. 2022) (citing *Revision Mil., Inc. v. Balboa Mfg.* Co., 700 F.3d 524, 525-26 (Fed. Cir. 2012)).

To begin with, the Accused Product is based on its design patent – the D467 Patent, which has been scrutinized through a series of USPTO patent prosecuting procedures. *See* Exhibit 3. The D467 Patent, duly examined and granted by the USPTO, carries a presumption of validity under 35 U.S.C. § 282. Notably, the Patent Examiner with signatory authority to issue a patent is skilled in the underlying design or science and is positioned to make informed decisions on patent issues.

While prosecuting a patent, the Patent Examiner can reject an application if the Examiner is not convinced that the patent application satisfies its burden of proving novelty or non-obviousness. A claimed design may be rejected under 35 U.S.C. § 102 when the invention is anticipated over a disclosure that is available as prior art. In design patent applications, the factual inquiry in determining anticipation over a prior art reference is the same as in utility patent applications. For anticipation to be found, the claimed design and the prior art design must be substantially the same. *Door-Master Corp. v.* Yorktowne, Inc., 256 F.3d 1308, 1313 (Fed. Cir. 2001) (citing Gorham Mfg. Co. v. White, 81 U.S. 511, 528 (1871)). In *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 123, 1239-40 (Fed. Cir. 2009), the Federal Circuit held that the ordinary observer test used for

infringement is the "sole test for anticipation." Under the ordinary observer test, "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing to be the other, the first one patented is infringed by the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528.

Plaintiff alleges that the Accused Product, which practices the D467 Patent, infringes upon the D977 Patent. This claim challenges the presumption of validity associated with the D467 Patent. Nonetheless, the patent examiner reviewed and cited abundant references during D467's prosecution and issued an allowance. This confirms the uniqueness of the D467 Patent in relation to the D977 Patent, thereby providing a compelling argument for Defendant's noninfringement contention. *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984) (the challenger "has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job," especially since the patent examiners "are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art."). Plaintiff thus cannot establish likelihood of success on the merits, and the TRO should be vacated.

> 2. **Plaintiff Fails to State a Design Patent Infringement Claim against Defendants Because the Accused Product's Design Distinguishes the D977 Patent, from the Perspective of Its Overall Ornamental Visual Appearance Impression.**

"A design patent is infringed '[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) (quoting *Egyptian Goddess, Inc.*

8

*v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008)). In evaluating infringement, the appearance of a design as a whole is controlling, and "[t]here can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar." *OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed. Cir. 1997); *see also Ethicon*, 796 F.3d at 1335 ("Differences . . . must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation.")

Determining infringement requires "the comparing of the accused and patented designs from all views included in the design patent." *Arminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 501 F.3d 1314, 1324 (Fed. Cir. 2007). Plaintiff had failed to plead that the Accused Product infringes the D977 Patent. Its Complaint, TRO motion, and Supplemental Memorandum provide nothing more than a conclusive allegation that "Defendants on Schedule A sell products that are the same as Plaintiff's product based on the claimed design" and "[p]laintiff will thus be successful in their assertion of infringement." The allegation is untenable when the plaintiff fails to meet its burden of proving that an ordinary observer would be deceived into confusing the patented design and the accused design. *Ethicon*, 796 F.3d 1312, 1337 (Fed. Cir. 2015).

Clear distinctions exist between the D977 Patent and the Accused Product such that "an ordinary observer, familiar with the prior art designs," would not be "deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

First, the overall shape of the two designs is different, as seen from the photographs of the Accused Product and the Figures of D977 Patent, illustrated in Table 1 below. In particular, the Accused Product appears boxier and more rectangular, whereas the D977's design has a more rounded appearance with smoother edges. When an ordinary person looks closer at the edges of the two plugs, one will inevitably notice that the D977's designed edge features raised, textured ridges along the

9

entire side surface, likely for grip or protection. However, the Accused Product has a smoother side surface, without ridges, making the overall silhouette and texture different. Viewed from a further distance, the thickness and curvature of the body differ, suggesting distinct design aesthetics.

The Fig.2 visual comparison from Table 1 further shows that design distinctions also exist in the front panel design. The Accused Product has a bold yellow border around the entire front face. However, this contrasting border design is absent from the D977 Patent since the drawing is meant to present a uniform color without any shaded portion to reflect such a contrasting area. Further, viewing the LED indicators' arrangement, one would notice that the Accused Product has five LED indicators, with labels and colored indicators; however, one would perceive that the D977's design has only four LEDs and lacks detailed labeling.

Based on the differences in the Accused Product and the D977's claimed feature and the overall look of the two designs, "the accused product[] embod[ies] an overall effect that cannot be found in the [patented] design and hence cannot cause market confusion." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010). Thus, the "claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,'" and Plaintiff has failed to plausibly meet their burden of pleading a design patent infringement claim that will likely succeed on the merits. *See Ethicon*, 796 F.3d at 1335. Therefore, consideration of the prior art is not necessary. *Id*. Plaintiff's claims fail, and it cannot succeed on the merits.



11

C. **Plaintiff Suffers No Irreparable Harm.**

To prevail a TRO or preliminary injunction motion, the plaintiff "must show that continued irreparable harm is likely" to occur. *Arjo, Inc. v. Handicare USA, Inc.*, No. 18 C 2554, 2018 U.S. Dist. LEXIS 183037, at *29 (N.D. Ill. Oct. 25, 2018). That showing requires evidence, not speculation. *See id*. at *28 (rejecting "oblique references to the continuing threat of future loss"). A plaintiff must show that irreparable harm is "likely." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016). Also, a plaintiff must show a "causal nexus between [an infringing party's] conduct and [a patentee's] alleged harm." *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). The Federal Circuit has also recognized that "price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013).

Plaintiff's sole argument for irreparable harm in its Memorandum in Support of TRO rests on an outdated presumption theory, citing *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH, 237 F.3d 1359, 1363 (Fed. Cir. 2001)* and *H.H. Robertson Co. v. United Steel Deck, 820 F.2d 384, 390 (Fed. Cir. 1987)* to claim that irreparable harm should automatically follow from a showing of patent validity and infringement. Dkt. 14 at 13. Plaintiff's reliance on *Purdue Pharma* and *H.H. Robertson* is misplaced, as both cases predate *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), which eliminated the presumption of irreparable harm in patent cases. In *eBay*, the Supreme Court clarified that patent holders must satisfy the traditional four-factor test for injunctive relief, requiring a specific showing of irreparable harm rather than relying on categorical presumptions. The Federal Circuit reinforced this in *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011), holding that *eBay* "jettisoned the presumption of irreparable harm" and that injunctions must be granted based on concrete evidence, not assumptions. Plaintiff's suggestion that irreparable harm should be presumed

12

contradicts settled law and must be rejected.

Post-*eBay*, courts require patent plaintiffs to provide specific evidence demonstrating inadequate monetary damages. *Winter v. NRDC*, 555 U.S. 7 (2008) affirmed that irreparable harm must be "likely," not speculative, and that plaintiffs must show a *causal nexus* between infringement and actual harm. See *Apple*, 735 F.3d at 1364. Moreover, courts in this district have consistently refused to presume irreparable harm. See, e.g., *Park Ridge Sports, Inc. v. Park Ridge Travel Falcons*, No. 20 C 2244, 2020 U.S. Dist. LEXIS 197095, at *14–15 (N.D. Ill. Oct. 23, 2020); *Nat'l Fin. Partners Corp. v. Paycom Software, Inc.*, No. 14 C 7424, 2015 U.S. Dist. LEXIS 74700, at *37–39 (N.D. Ill. June 10, 2015); *Bidi Vapor, LLC v. Vaperz LLC*, 543 F. Supp. 3d 619, 632 (N.D. Ill. 2021); *Park Ridge Sports, Inc. v. Park Ridge Travel Falcons,* No. 20 C 2244, 2022 U.S. Dist. LEXIS 97970, at *37–39 (N.D. Ill. Jan. 5, 2022). Plaintiff has not provided any factual support demonstrating imminent, irreparable harm beyond what monetary damages could remedy.

Furthermore, Plaintiff's claim of irreparable harm lacks substantial evidence, as the alleged damages are speculative and unsubstantiated. Irreparable harm in the context of patent infringement exists only where "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1148 (Fed. Cir. 2011). Yet Plaintiff's assertion of irreparable harm rests entirely on conclusory statements rather than concrete proof. *See* Declaration of Robert M. Dewitty ¶ 3, Dkt. 14. Plaintiff's Counsel cited an article of "How to Stop Price Erotion", yet failed to allege, prove, or show that Plaintiff suffered price erosion. *Id* ¶ 5.

Lastly, Plaintiff's argument on the necessity of TRO to maintain status quo incorporated significant misrepresentation of case law. Plaintiff argued at length that the TRO is necessary because "Courts have recognized that civil actions against counterfeiters present special challenges that justify proceeding on an *ex parte* basis." Dkt. 14 at 9. However, in this case, Plaintiff asserts patent

13

infringement without any efforts in patent marking, neither did Plaintiff explain how this case relates to counterfeits.

Because Plaintiff relies solely on outdated case law and conclusory allegations, it fails to demonstrate irreparable harm, and the TRO must be vacated.

### D. The Public Interest Does Not Favor the TRO

Plaintiff asserts that an injunction is in the public interest to prevent consumer confusion and enforce its patent rights. Contrary to Plaintiff's assertion, the issuance of a sweeping *ex-parte* TRO in this case does not serve the public interest; rather, it disrupts legitimate competition and unfairly grants Plaintiff a de facto monopoly over a contested market.

Plaintiff and Defendants are direct competitors in the market for surge protectors, and Plaintiff is abusing this Court's process as a tool to eliminate competition rather than to prevent actual consumer confusion. As the court recognized in *Donguan Juyuan Precision Technology Co., Ltd. v. Schedule A Defendants*, 1:24-cv-12703 (N.D. Ill.), when "Plaintiff and Defendants are competitors in the market" and "and Plaintiff is attempting to assert its design patent for competitive advantage", that is "a good reason for a lawsuit, but not for an order enjoining Defendants' businesses and freezing assets without notice." Dkt. 9 (Hon. Rebecca R. Pallmeyer, Order denying Plaintiff's Motion for TRO). The same reasoning applies here—Plaintiff is seeking an unfair competitive advantage through an overbroad injunction not justified by the evidence.

Moreover, Plaintiff's assertion that "the public is currently under the false impression that Defendants are operating their Defendant Internet Stores with Plaintiff's approval and endorsement" is unfounded. Dkt. 15 at 14. Plaintiff offers no proof that consumers believe Defendants' products originate from or are endorsed by Plaintiff. On the contrary, Defendant Kohree LLC appropriately marked their patent while Plaintiff failed to provide any information about its brand and products. *See* Exhibit 5. The mere existence of competing surge protectors in the marketplace does not establish

14

consumer confusion.

Additionally, the public interest in enforcing intellectual property laws must be balanced against other considerations, including fair competition and due process. *See Apple*, 735 F.3d at 1372 (Fed. Cir. 2013). The public interest is best served by promoting fair competition and protecting consumer choice, not enabling monopolization through aggressive litigation tactics. Granting a TRO against legitimate competitors who lawfully operate in the marketplace would restrict consumer access to lawful, competing products and allow Plaintiff to exploit intellectual property law as an anti-competitive weapon. This concern is even more pronounced in this case, as Defendants operate under their own valid U.S. Design Patent, further negating any presumption of wrongdoing. While enforcing patent rights is essential, it must not come at the expense of due process and a competitive marketplace.

The TRO must be vacated because the Plaintiff has failed to demonstrate that it serves the public interest and because the order itself imposes substantial harm on legitimate businesses without sufficient justification.

## **CONCLUSION**

For the reasons above, Defendants respectfully request that

a. This Court finds that the TRO should not have been entered against the moving Defendants.
b. This Court vacates the TRO accordingly.

Respectfully submitted

| Date: March 7, 2025 | */s/ Shaoyi Che* |
|---|---|
| | Shaoyi Che |
| | TX# 24139843 |
| | *Admitted to N.D. Ill.* |
| | YoungZeal LLP |
| | 9355 John W. Elliott Dr, Ste 25555 |
| | Frisco, TX 75033 |
| | Telephone: (717) 440-3382 |
| | che@yzlaw.com |

**Attorney for Defendants**

## **CERTIFICANT OF SERVICE**

I hereby certify that on March 7, 2025, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Shaoyi Che*
       Shaoyi Che