IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BINGLIN ZHONG,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTERNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>*Defendants.* | **Civil Action No.:** 24-cv-12594<br><br>**Honorable Judge Matthew L. Kennelly**<br><br>**Magistrate Judge Keri L. Holleb Hotaling** |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO SUPPLEMENTAL MOTION TO VACATE TEMPORARY RESTRAINING ORDER**

Defendants ShenzhenshishenhuashukejiCo. Ltd, Kohree LLC, Shenzhenshigaodunsujiaozhipinyouxiangongsi , Shanghai Jingsun Technology Co. LTD , hu bei you yun xie ye pi ju you xian gong si , Shenzhenshixinfengdianzishangwuyouxiangongsi and Shenzhen Yisi Youle Technology Co., Ltd (collectively, "Defendants"), by its undersigned attorneys submits this reply in support of its supplemental opposition and motion to vacate the current Temporary Restraining Order [Dkt. 32] in this action.

Plaintiff has failed in its most fundamental obligation before filing this case —to establish a *prima facie* basis for personal jurisdiction. Plaintiff's Complaint was filed on December 6, 2024 [Dkt. 1]and it was the basis for obtaining a TRO. Defendants filed their opposition and challenged jurisdiction, which was addressed during a hearing on March 12, 2025. Dkt. 35. At the Hearing it was

1

disclosed that Plaintiff never placed an order for Defendants' product at all, let alone in the State of Illinois. In a desperate attempt to cure this fatal defect, Plaintiff conducted post-Hearing test purchases purportedly supporting personal jurisdiction on March 12, 2025—over three months after litigation commenced and a full month after seeking *ex-parte* TRO. *See* Dkt. 36, Exhibit D. Plaintiff multiplied its errors by filing an Amended Complaint [Dkt. 36] which introduced new facts to the Court while the TRO was pending. Plaintiff's argument in support of its jurisdiction allegation rests entirely on post-complaint test purchases, which are jurisdictionally irrelevant. Exhibit D attached to the Complaint reveals that some of the products were not sold by the moving Defendants and other products were never accused of infringement.

Moreover, Plaintiff's filing of an Amended Complaint while a TRO was pending without leave of the Court raises another fatal issue: did Plaintiff voluntarily void the pending TRO on the date the Amended Complaint was filed because the current TRO was issued based on the facts in the original Complaint?

**I.      PLAINTIFF FAILS TO ESTABLISH A *PRIMA FACIE* CASE OF PERSONAL JURISDICTION**

Prior to filing its Complaint, Plaintiff never placed an order for any one of Defendants' products. Plaintiff's test purchases on March 12, 2025, do not cure this fatal defect. It is well-settled that post-filing contacts with the forum state cannot retroactively establish personal jurisdiction. In *United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 908 (N.D. Ill. 1999), the court held that only conduct prior to the accrual of the cause of action or the filing of the lawsuit is relevant for determining the issue of purposeful availment. The court reasoned that "[c]onduct post-dating the filing of a complaint by definition cannot show that, when the defendant engaged in the post-complaint acts purportedly supporting jurisdiction, it intentionally exposed itself to the possibility of

an event which had already occurred (the filing of a complaint in the forum state)." *Id.* Plaintiff's reliance on post-complaint test purchases violates this fundamental principle.

Moreover, Plaintiff's assertion of Rule 4(k)(2) jurisdiction is meritless. Four conditions must be present for Rule 4(k)(2) to apply: (1) the plaintiff's claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

Even where the first three elements of Rule 4(k)(2) are satisfied, a plaintiff still must establish that the defendant "purposefully availed itself of the privilege of conducting activities in the forum state." *Id.* at 942-43 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985)). Plaintiff fails to meet this burden. Plaintiff's only pre-complaint evidence consists of computer screenshots of product listings but these listing alone are not proof that Defendants directing sales into Illinois or completed transactions in the forum state. *See* Exhibit C to Plaintiff's Complaint. ("Delivery Note-The products will be delivered to Chicago, Illinois 60607 if customers place the order and pay"). In other words, Plaintiff relies solely on the existence of an online storefront and speculative sales. This approach has been rejected by multiple courts in this District. *See, e.g., Rubik's Brand, Ltd. v. Partnerships & Unincorporated Ass'ns Identified on Schedule A*, 2021 WL 825668, at *3 (N.D. Ill. 2021) (holding that merely displaying products on an interactive website does not establish specific jurisdiction). The Seventh Circuit has consistently ruled that more than an interactive website is required to establish jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014).

Plaintiff relies solely on questionable post-action test purchases and has failed to demonstrate Defendants' pre-suit purposeful availment of Illinois. Plaintiff simply cannot meet its burden to establish jurisdiction, and the TRO must be vacated.

## II. THE PLAINTIFF FAILS TO STATE A DESIGN PATENT INFRINGEMENT CLAIM AGAINST DEFENDANTS.

### 1. Plaintiff Concedes Defendant's Noninfringement Arguments By Failure to Respond.

At the outset, Defendants provide sufficient legal and factual basis for design patent noninfringement by arguing Plaintiff fails to state a design patent infringement claim. In supporting their position, Defendants refute the likelihood of success on the merit element by contending: (1) Plaintiff fails to state a claim because Defendants are legitimately practicing their registered design patent – U.S. Pat No. D1,018,467 (the "D467 Patent"), and (2) Plaintiff fails to state a claim because the Accused Product's design distinguishes the D977 Patent, from the perspective of its overall ornamental visual appearance impression.

In its responsive pleading, Plaintiff only responds to the first argument presented by Defendants while leaving the second argument unaddressed. To this point, Plaintiff concedes the validity of Defendant's second argument. "The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession." *Cintora v. Downey*, 2010 WL 786014, at *4 (C.D. Ill. Mar. 4, 2010); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver," and "silence leaves us to conclude" a concession.)

Plaintiff's silence as to Defendants' second non-infringement argument should leave the Court to conclude that Plaintiff concedes that the Accused Product's design distinguishes the D977 Patent from the perspective of its overall ornamental visual impression. Failure to respond to an argument – as the plaintiff has done here – results in waiver. *See United States v. Farris*, 532 F.3d 615, 619 (7th

4

Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, [the Court] find that Farris waived his sufficiency of the evidence challenge[.]"); *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002) ("Yet, given another opportunity to address the effect of Trial Rule 4.4 in his reply brief, Mr. Williams again ignored the issue and, indeed, failed to respond to REP International's waiver argument. Under these circumstances, we must hold that Mr. Williams has waived [its] argument[.]")

### 2. The Transparent Cover of Plaintiff's Claimed Design Is a Functional Feature Not Relevant to Design Patent Infringement.

"[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) (citation omitted); *see also Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) ("[I]t is the non-functional, design aspects that are pertinent to determinations of infringement."). Where a claim contains ornamental and functional aspects, the court must separate the two aspects because the scope of the design claim "must be construed in order to identify the non-functional aspects of the design as shown in the patent." *Richardson*, 597 F.3d at 1293. The scope "must be *limited to the ornamental aspects of the design, and does not extend to the broader general design concept.*" Eth*icon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (internal quotations omitted) (emphasis added).

Plaintiff improperly bases its design patent infringement argument regarding the general design concept of a "transparent cover of Plaintiff's claimed design." *See* Plaintiff's Response to Defendants' Supplemental Motion (DKT #38) at *3-9. Specifically, Plaintiff alleges that "[e]ven though Defendants have disclaimed the inner workings (such as the plug) in their claimed design, the disclaimed plug would have been shown in Table 1 had Defendants' design used a transparent cover." *See id*. Without describing and pinpointing any ornamental similarities, Plaintiff broadly alleges that

"Defendants' products use a transparent cover only, thus infringing the claimed design of Plaintiff's **977 patent." *See id*.

This broad allegation is untenable. As the Federal Circuit has explained, design patents do not cover a general design concept. *See OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Consequently, the general design concept of a transparent cover is functional – it improves the visual inspection – not ornamental. *See id* at 1404-06 (finding "overall similarity of the 'rocket-like' appearance" of two football designs insufficient to show infringement because the football shape and fins were "necessary to have a ball with similar aerodynamic stability" and were therefore functional). Accordingly, Plaintiff's focus on functionality undermines its design patent infringement analysis, further supporting a finding of failure to state a design patent infringement claim.

### III.     PLAINTIFF'S IRREPARABLE HARM ARGUMENT FAILS

Plaintiff's argument in support of the claim for irreparable harm is also defective. In its original motion seeking a TRO, Plaintiff relied exclusively on the outdated legal theory that irreparable harm is presumed to be established upon a showing of patent validity and infringement. *See* Dkt. 14 at 13. Plaintiff now attempts to introduce entirely new theories in its Response [Dkt. 38], claiming irreparable harm due to the loss of market share, customer erosion, and Defendants' alleged inability to satisfy a judgment. These arguments were never raised in the initial TRO motion and are therefore waived.

Courts in this Circuit have repeatedly held that a party may not introduce new arguments in a reply brief or later filings that were not included in their initial motion. *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989). The purpose of this rule is to prevent one-sided presentation of arguments or facts, which is contrary to the nature of an adversarial court system. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (collecting cases).

Arguments raised for the first time in a reply brief are waived, *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992), as are undeveloped contentions, unsupported by pertinent authority. *United States v. Holm,* 326 F.3d 872, 877 (7th Cir. 2003).

Plaintiff's only argument in its motion seeking a TRO relied on a presumption of irreparable harm—an outdated legal theory rejected by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) and *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011)(holding that eBay "jettisoned the presumption of irreparable harm" and that injunctions must be granted based on concrete evidence, not assumptions)Now, Plaintiff cannot attempt to rehabilitate its position with new, unpled theories of harm. Plaintiff's failure to raise any substantive evidence of irreparable harm in its initial motion is fatal to its claim.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court vacate the pending TRO in its entirety and specifically against the Moving Defendants, dismiss the Amended Complaint, with prejudice, award attorney's fees and grant such other and further relief as it deems just and proper.

| | |
|---|---|
| Date: March 17, 2025 | */s/ Shaoyi Che* |
| | Shaoyi Che |
| | TX# 24139843 |
| | Admitted to *N.D. Ill.* |
| | YoungZeal LLP |
| | 9355 John W. Elliott Dr, Ste 25555 |
| | Frisco, TX 75033 |
| | Telephone: (717) 440-3382 |
| | che@yzlaw.com |
| | |
| | ***Attorney for Moving Defendants*** |

7

## **CERTIFICANT OF SERVICE**

I hereby certify that on March 17, 2025, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

By: */s/ Shaoyi Che*
Shaoyi Che