IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BINGLIN ZHONG** <br><br> **Plaintiff,** <br><br> v. <br><br> **The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint**, <br><br> Defendants. | Civil No.: 1:24-cv-12594 <br><br> **Presiding: Matthew F. Kennelly** <br> **Magistrate: Keri L. Holleb Hotaling** |

### RULE 12(B) MOTION TO DISMISS

Defendant, Marsmotor Inc ("Defendant"), by and through its counsel undersigned, hereby requests that the Court dismiss the Amended Complaint [DE 36] against Defendant in its entirety under Fed. R. Civ. P. 12(b) and states as follows:

### I. LEGAL STANDARD

In *Mayfield v. Wire*, the court explained the legal standard for a Rule 12(b) motion to dismiss:

> When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the complaint and draws all possible inferences in the plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds

> upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A 1 complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 638 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, mere allegations do not suffice, as the complaint "must contain a reasonable factual basis supporting the allegations." *Id*; *see also Hall v. Lunsford*, Case No. 1:17-cv-02945, 2019 WL 1077600 at *8-9 (S.D. Ind. March 9, 2019) (noting that the Federal Rules of Civil Procedure govern pleading standards in federal court, but noting no material difference between the pleading standard required by Ind. Code § 34-13-3-5(c) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

*Mayfield v. Wire*, No. 2:19-cv-00335-JRS-DLP, at *1 (S.D. Ind. May 12, 2020).

For this Court to exercise general jurisdiction over Defendants, the proper inquiry is whether "the contacts through the website are so substantial that they may be considered 'systematic and continuous' for the purpose of general jurisdiction." *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016).

To establish that there is specific jurisdiction over Defendant, three requirements set forth by the Federal Circuit must be met: (1) Defendants purposefully directed their activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).

## II. MEMORANDUM OF LAWS AND ARGUMENT

A. **Plaintiff's Claim Should be Dismissed for Lack of Personal Jurisdiction.**

*i. Plaintiff Failed to Establish Personal Jurisdiction At the Time of Initial Filing.*

Personal jurisdiction is determined as of the date of th filing of the suit. *Central States Pension v. Phencorp Reinsur*, 440 F.3d 870, 877 (7th Cir. 2006), citing *Wild v. Subscription Plus, Inc.,* 292 F.3d 526, 528 (7th Cir. 2002) ("jurisdiction is normally determined as of the date of the filing of the suit"). In *Nte LLC v. Kenny Constr. Co.*, No. 14 C 9558, at *9 (N.D. Ill. Oct. 21, 2015), the court ruled that post-filing activities do not establish personal jurisdiction. *Id*., citing *United Phosphorus*, *Ltd*. *v*. *Angus Chem*. *Co*., 43 F. Supp. 2d 904, 910 (N.D. Ill. 1999) (declining to consider post-filing contacts for purposeful availment analysis)."

Plaintiff did not establish any personal jurisdiction on Defendant as he relied solely on the existence of Defendant's online storefront. <u>See</u> Exhibit "A," Evidence of Infringement provided by Plaintiff. Plaintiff did not possess any evidence of minimum contacts between Defendant and the state of Illinois when he initiated this cause of action.

Even with Plaintiff's amended complaint on Mar. 13, 2025 (Dkt# 36), he still failed to establish personal jurisdiction on Defendant.

### *ii. General jurisdiction does not exist over Defendant.*

In *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016), this Court held that:

> Plaintiffs have not alleged the type of contacts necessary to justify the exercise of general jurisdiction over any of the 3,343 defendants named in this lawsuit. Nor is there any evidence to suggest that any of these defendants—who all reside in foreign jurisdictions—maintained the type of Illinois presence that is required to justify exercising general personal jurisdiction over them. Amended Complaint [18], ¶10. In short, Plaintiffs failed to allege facts that would allow this Court to conclude that any of the defendants are "at home" in Illinois.

*Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, 931 (N.D. Ill. 2016).

Here, there is no general jurisdiction existing in this matter over Defendant. The Complaint [DE 1] contains no allegation that Defendant's affiliations with the State of Illinois are so continuous and systematic as to render them essentially *at home*. Plaintiff relies solely upon Defendant's business activities via internet that were accessible from the State of Illinois. *See* the Complaint, ECF No. 1, p. 3, ¶¶ 6-7.

In *Am. Bridal & Prom Indus. Ass'n, Inc.*, this Court continued to discuss the personal jurisdiction:

> Instead, the exercise of personal jurisdiction here is based exclusively upon Defendants' alleged maintenance of interactive websites. Without more (and there is not more here), this fact alone is not enough to support general personal jurisdiction. *See, e.g.,Richter v. IN-STAR Enterprises Int'l, Inc.* , 594 F.Supp.2d 1000, 1009 (N.D.Ill.2009) ("[R]egardless how interactive a website is, it cannot form the basis for [general] personal jurisdiction ... unless the contacts through the website are so substantial that they may be considered 'systematic and continuous' for the purpose of general jurisdiction."); *Euromarket Designs, Inc. v. Crate & Barrel Ltd.* , 96 F.Supp.2d 824, 833 (N.D.Ill.2000) ("Generally, the defendant's mere maintenance of an Internet website is not sufficient activity to exercise general jurisdiction over the defendant.").

*Id.*

Here, Plaintiff pleaded that Defendant targeted its customers in the United States, including those within the State of Illinois thorugh interactive commercial internet stores. See the Compl., ECF No. 1, p. 2, ¶ 6. This Court has been clear that no matter how interactive a website is, it cannot form personal jurisdiction. <u>See</u> *Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.*, 192 F. Supp. 3d 924, at 931.

Thus, Plaintiff has failed to establish that general jurisdiction exists over Defendant.

### ***iii. There is also no specific jurisdiction over Defendant.***

Specific jurisdiction also does not exist because Plaintiff has failed to make any *prima facie* showing that Defendant *purposefully directed* any of its activities at the State of Illinois or its residents. In *Am. Bridal & Prom Indus. Ass'n, Inc.*, this Court analyzed:

> Although Plaintiffs initially alleged that "[e]ach Defendant targets the United States, including Illinois," amended complaint [18], ¶11, they could offer no facts to properly support that allegation, relying exclusively on the mere existence of the interactive websites. Plaintiffs have not shown that the websites were any more accessible in Illinois than anywhere else in the world; they have not shown that any Illinois residents actually accessed the websites; they have not shown any injury occurring in Illinois; they have not shown that any Defendant took any action with respect to Illinois in particular. They have not alleged or shown that any of the Defendants specifically agreed to ship to Illinois or that they otherwise reached out to, or expressly aimed their activities at, this state or its residents. Quite simply, Plaintiffs failed to show that *any* Defendant had any voluntary contacts with the State of Illinois, yet they seek to drag all 3000-plus Defendants into this district here solely because of their websites—precisely what *Hemi* admonished courts to avoid.

*Am. Bridal & Prom Indus. Ass'n, Inc. v. Unincorporated Associations Identified on Schedule A.,* 192 F. Supp. 3d 924, 934 (N.D. Ill. 2016).

In the instant case, Plaintiff did not plead that Defendant's store was "any more accessible in Illinois than anywhere else in the world." *Id.* Nor did Plaintiff plead that any injury occurring in Illinois, or Defendant took any action with respect to Illinois in particular. In addition, Plaintiff did not allege that Defendant "specifically agreed to ship to Illinois or aimed its activities at this state or its residents." *Id.*

Plaintiff solely relied on Defendant's online Amazon store to establish Defendant's personal jurisdiction in this Court. See Exhibit "A," Evidence of Infringement provided by Plaintiff.

### *iv. Conclusion*

Thus, Plaintiff has failed to establish that specific jurisdiction exists over Defendant.

**B. The Amended Complaint Shall Be Dismissed for Failure to State a Cause of Claim.**

**i. Plaintiff's Design Patent Was Invalid as It Was Anticipated by A Same Product On-Sale.**

*1) Ordinary Observer Test for Substantially Similar Designs.*

The 7th Circuit supports the principle that a design patent is likely invalid for lack of novelty if a same or very similar product design was on sale before the filing date. The focus is on design patent novelty under 35 U.S.C. § 102, which governs anticipation by prior art, including public sales. In a patent case, the laws set forth by the Federal Circuit Court governs.

In *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233 (Fed. Cir. 2009), the court solidified the "ordinary observer test" as the sole test for anticipation in design patent law, aligning it with the infringement standard from *Gorham Mfg. Co. v. White* (81 U.S. 511, 1871). The case involved a design patent for footwear (clogs). The Federal Circuit held that a prior art design (an earlier clog model sold publicly) anticipated the patented design because the differences were so minor that an ordinary observer would view them as substantially the same. If a product with a substantially similar design was on sale before the patent's filing date, it constitutes prior art that can invalidate the patent for lack of novelty. The court emphasized that even small differences don't save a design if the overall impression is the same.

In *Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456 (Fed. Cir. 1997), the court clarifies the standard for anticipation in design patents, emphasizing identity in "material respects." In this Case, the patent covered a design for a mold used in making textured concrete surfaces. Prior art molds sold publicly were found to be identical in all material respects to the patented design. The Federal Circuit ruled that a design patent is anticipated (and thus invalid) if the prior art refer-

ence—here, a product on sale—is identical in all material respects to the claimed design. Novelty requires more than trivial differences.

In the instant case, Plaintiff's design patent US D1,008,977 S ("`977 Patent") was filed on June 17, 2022. See Plaintiff's `977 Patent, ECF No. 7, p. 3, left column. However, back on March 2, 2022, a product with the identical design was for sale on amazon.com. A comparison of the product and `977 Patent design is shown as below in Figure 1.



Figure 1: Comparison of Prior Art and `977 Patent Design (above)

The product of Iron Fore Cable was available as early as Mar. 2, 2022. See Figure 2 below, available at https://www.amazon.com/dp/B09J1GWZXB/, last visited on Mar. 13, 2025, which is the product page link for all the pictures of prior art shown in Figure 1.



Figure 2: Date First Available for Prior Art

The review of such prior art product was available as early as June 12, 2022, earlier than Plaintiff's filing date for the `977 Patent. See Figure 3 below, available at https://www.amazon.com/dp/B09J1GWZXB/, last visit on Mar. 14, 2025.

Figure 3: Review of Prior Art Product

The design of prior art product sold by Iron Forge Cable, is almost identical to the `977 Patent design, in all material respects. *Hupp v. Siroflex of America, Inc.*, 122 F.3d 1456 (Fed. Cir. 1997). The transparent front cover is the same. The shape of the front cover are identical with rectangular lower portion intruding out. The socket boxes look almost identical, with a electric cord sticking out the socket box and a plug at the end. Both are substantially identical. Thus, Plaintiff's `977 Patent lacks novelty. Any person with ordinary skill can design the same by

copying from the Iron Forge Cable's product page. Assuming, there is small difference between the socket box side ladder-looked design in `977 Patent and that of Iron Forge Cable, small differences don't save a design if the overall impression is the same. *International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233 (Fed. Cir. 2009). Besides, from the second prior art as shown before, such feature of ladder-looked design were not novel either.

### 2) *Another Identical Prior Art.*

Another product with identical design was available on Amazon as early as April 21, 2022, around two months before Plaintiff's filing date of the `977 Patent. See below Figure 4 for the date of the product, available on Amazon.com,[1] with brand name ANOKA.

| Best Sellers Rank | #398,791 in Automotive (See Top 100 in Automotive)<br>#531 in RV Plugs, Inlets & Receptacles |
|---|---|
| Date First Available | April 21, 2022 |

*Figure 4: RV Surge Protector First Date Available.*

A comparison is shown as below in Figure 5, which shows identical design of the front cover, socket box, side of socket box design pattern, electric cord and the plug.

---

[1] Available on https://www.amazon.com/dp/B0B5LFLV1Q/ref=sspa_dk_detail_7?pf_rd_p=386c274b-4bfe-4421-9052-a1a5a6db557ab&pf_rd_r=38H08M0MYMZCNDXBW2VH&pd_rd_wg=ybVsG&pd_rd_w=lBLSI&content-id=amzn1.sym.386c274b-4bfe-4421-9052-a1a56db557ab&pd_rd_r=2a6281eb-9e85-40fa-bc13-90f9-fabd4e1d&s=automotive&sp_csd=d2lkZ2V0TmFtZT1zcF9kZXRhaWxfdGhlWF0aWM, last visited on mar. 14, 2025.



*Figure 5: Comparison of AONOKA Product Design and `977 Patent*

*3) Likely Fraudulent Filing of the `977 Patent.*

In fact, such design at the time of Plaintiff's filing date of the `977 Patent were already quite prevalent on Amazon. Above are two samples listed with identical or nearly identical designs to that of `977 Patent prior to the filing date of `977 Patent. There was no novelty within the design of the `977 Patent. Plaintiff, in fact, likely committed fraud by failing to disclose such prior arts to the United States Patent and Trademark Office, when the same designs were omnipresent on all online platforms in the U.S., such as Amazon.com.

*4) Conclusion.*

Thus, Plaintiff's `977 Patent is invalid and Plaintiff fails to state a cause of claim.

**WHEREFORE**, Defendant, Marsmotor Inc, by and through its counsel undersigned, hereby requests that the Court dismiss the Amended Complaint [DE 36] against Defendant in its entirety under Fed. R. Civ. P. 12(b).

Respectfully submitted on Mar. 18, 2025.

/s/ Jianyin Liu

FBN: 1007675
Jianyin Liu, Esq.
The Law Offices of James Liu, LLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of the foregoing was sent via CM/ECF on Mar. 18, 2025.

/s/ Jianyin Liu
